**Robert M. BOGAN and Scott M. Bogan, Plaintiffs,**

v.

**NORTHWESTERN MUTUAL LIFE IN-SURANCE COMPANY and Austin E. Hodgkins, Jr., Defendants.**

**No. 91 Civ. 2221 (WCC).**

United States District Court, S.D. New York.

Sept. 10, 1997.

Michael S. Devorkin, Doar, Devorkin & Rieck, New York City, for Robert M. Bogan, Scott M. Bogan.

Timothy P. Coon, Bleakley Platt & Schmidt, White Plains, NY, for Austin E. Hodgkins, Jr.

Peter Peter Jason, Duane Morris & Heckscher LLP, Philadelphia, PA, for Northwestern Mut. Life Ins. Co.

## ORDER

WILLIAM C. CONNER, Senior District Judge.

Upon due consideration of plaintiffs' motion for reconsideration of this Court's Opinion and Order dated February 5, 1997 and the judgment entered February 6, 1997, together with plaintiffs' motion to direct entry of a final judgment on any dismissed claims, together with defendant' opposition thereto, it is hereby

ORDERED, that plaintiffs' motion for reconsideration is granted; it is further

ORDERED, that upon this Court's reconsideration of its Opinion and Order dated February 5, 1997 to the extent it dismissed plaintiffs' antitrust claims is adhered to, however, as to the plaintiffs' remaining state law claims it is vacated to the extent that the Court's decision on its exercise of pendent jurisdiction is reserved until such time that the Second Circuit has ruled on any appeal by plaintiffs on the dismissal of the antitrust claims or plaintiffs' time to perfect such appeal expires; it is further

ORDERED, that this Court's February 6, 1997 judgment is vacated; it is further

ORDERED, that defendant Hodgkins' motion for summary judgment on plaintiffs' antitrust claims, the first and second causes of actions in the First Amended Complaint is granted and a decision of the balance of defendant Hodgkins' motion and the motion of defendant Northwestern Mutual Life Insurance Company on the remaining claims is reserved pending a decision on the appeal to the Second Circuit by plaintiffs or the expiration of plaintiffs' time to perfect same; it is further

DETERMINED, that judicial economy would be best served by immediate appeal of the dismissal of the antitrust claims, in order to avoid the possibility of having to hold multiple lengthy trials based upon the same underlying facts and involving essentially the same witnesses, where such trials would differ only in the legal theories of recovery; it is further

DETERMINED, that there is therefore no reason to delay entry of final judgment as to the dismissal of plaintiffs' antitrust claims; thus, it is further

ORDERED, that pursuant to Rule 54(b) of Fed.R.Civ.P., the clerk is directed to enter such final judgment forthwith; and it is further

ORDERED, that the Court's dismissal of the antitrust claims is a final disposition of these claims in a multiclaim action and that the antitrust claims are severable from the remaining claims in plaintiffs' First Amended Complaint.

SO ORDERED.